DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jeffrey T. Keen appeals from the decision of the Lorain County Court of Common Pleas adjudicating him as a sexual predator under R.C. Chapter 2950. We affirm.
On February 7, 1989, the Lorain County Grand Jury indicted appellant on seven counts of rape. The indictment arose from appellant sexually assaulting four children between the ages of three and six. Appellant initially entered a plea of not guilty, which was later changed to a plea of not guilty by reason of insanity. A psychological report was prepared, and a competency hearing was held on April 24, 1989. The trial court found appellant competent to stand trial. On June 15, 1989, appellant pleaded guilty to four counts of rape, in exchange for the remaining three counts being dismissed. The trial court sentenced appellant to four concurrent terms of five to twenty-five years of imprisonment.
On August 8, 1997, a hearing was held to determine whether appellant should be adjudicated as a sexual predator. The police detective involved in the investigation of the rape charges was the only witness. The trial court also relied on the presentence investigation report and the psychological evaluation prepared earlier. On August 11, 1997, the trial court issued its decision and found appellant to be a sexual predator. Appellant now appeals to this court.
Appellant asserts three assignments of error. We will address each in turn.
 I. TRIAL COURT [sic] ERRED WHEN IT DID NOT FIND THE PROCEEDINGS IN ACCORDANCE WITH H.B. 180 AND THE NEWLY AMENDED O.R.C. 2950 ET. SEQ. [sic] UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
Appellant argues in the first assignment of error that R.C. Chapter 2950 is unconstitutional. Specifically, he argues that the statute (1) violates the Retroactivity Clause of the Ohio Constitution, (2) violates the Ex Post Facto Clause of the United States Constitution, and (3) violates the Double Jeopardy Clauses of the Ohio and United States Constitutions. R.C. 2950.09(C) does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. Statev. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. This court has previously held that Ohio's sexual predator law does not violate double jeopardy. State v.Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. Appellant's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT LABELING THE APPELLANT A SEXUAL PREDATOR VIOLATED THE PRIOR PLEA AGREEMENT ENTERED INTO BETWEEN THE APPELLANT AND THE STATE OF OHIO BECAUSE IT VIOLATED CRIMINAL RULE 11.
In his second assignment of error, appellant argues that the trial court erred by not finding that his adjudication as a sexual predator violated Crim.R. 11. According to appellant, the trial court that sentenced him was required under Crim.R. 11(C)(2) to inform him of the punishment he could possibly receive because he pleaded guilty to the charges against him. Appellant contends that he would not have pleaded guilty had he known that he would have been subject to adjudication as a sexual predator, and that therefore his plea was not voluntary, knowing, and intelligent.
We first note that appellant failed to raise this argument in the trial court. Therefore, he has waived the argument on appeal.State v. Awan (1986), 22 Ohio St.3d 120, 122. Assuming, arguendo, that the argument was properly raised below, it is without merit. We have previously held that a sexual predator adjudication does not violate Crim.R. 11. DeAngelo, supra, at 3-4. Appellant's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND THE APPELLANT TO BE A SEXUAL PREDATOR EVEN THOUGH THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
In his third assignment of error, appellant argues that the trial court's decision to designate him a sexual predator is not supported by clear and convincing evidence. He further contends that the trial court erred by relying on the presentence investigation report when it found appellant to be a sexual predator. These arguments are not well taken.
Appellant first argues that the trial court should not have considered the presentence investigation report in making its decision. We note that appellant did not object to the use of the report and has waived all but plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. State v.Lane (1995), 108 Ohio App.3d 477, 482.
In the case at bar, no plain error exists. In State v. Cook
(1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court determined that "reliable hearsay, such as a presentence investigation report, may be relied upon by a trial judge." Given the supreme court's approval of the use of such reports in sexual predator hearings, we cannot say that a manifest miscarriage of justice has occurred.
Appellant also argues that there was not clear and convincing evidence to support his adjudication as a sexual predator. When determining whether an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C.2950.09. "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The record shows the following: At the time that the offenses underlying the present appeal were committed, appellant was nineteen years of age. The record did not disclose any prior convictions. The four victims of the 1989 rape charges were three, four, four, and six years old respectively. Appellant also sexually assaulted a fifth victim, an eight year old boy, but no charges arose from those acts. A psychologist who evaluated him opined that appellant was probably a pedophile and had a strong sexual interest in male children. Appellant's sexual contact with the victims was extensive: performing oral sex on the children, forcing the children to perform oral sex on him, anal and vaginal intercourse, and digital penetration. There was a demonstrated pattern of abuse, as these events occurred over several days.
Appellant's background is truly disturbing. He was institutionalized in North Carolina for three separate sexual assaults on a young boy; while in the hospital, he had a sexual encounter with another patient, a fourteen-year-old boy. He was also institutionalized for similar behavior in Ohio. Appellant committed several sexual assaults on fellow students while attending high school. He has expressed no remorse for his actions. The evidence before the trial court demonstrates beyond all doubt that appellant is a sexual predator, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the Appellant.
 Exceptions. ____________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J. CONCUR